

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00180-CV

_____

IN THE INTEREST OF C.L., A CHILD

_____

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B38989-1301, Honorable Edward Lee Self, Presiding

_____

May 19, 2014

## ON ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

B.L. appeals an order signed May 1, 2014, terminating her parental rights with the minor, C.L.[1] The underlying suit affecting parent child relationship was brought in the trial court by appellee the Texas Department of Family and Protective Services. Trial was by jury, April 5 through 7, 2014. The reporter's record has been filed. The district clerk has filed a request for additional time to file the clerk's record on the ground that B.L. has not paid or made arrangements to pay for the record.

---

[1] We identify the mother and child by initials to protect the minor child's identity. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014) (appellate court may identify parties in opinion by fictitious names or their initials); TEX. R. APP. P. 9.8(b)(1)(A) (requiring use of initials or fictitious name in some cases).

In a pre-trial order, Tina Davis-Rincones was appointed attorney ad litem for B.L. Davis-Rincones signed B.L.'s notice of appeal as "trial attorney." The order of termination, signed one day after B.L.'s notice of appeal was filed, dismissed Davis-Rincones from her appointment as B.L.'s attorney ad litem.

Among the limited documents provided to the clerk of this court by the clerk of the trial court is an order signed by the trial court on April 29, 2014, denying "respondent" court-appointed counsel on appeal. According to the order, counsel was denied because the financial affidavit was insufficient to determine indigency. In an April 14, 2014 "affidavit of financial status," B.L. averred that she is single, has no dependents living with her, has no employer, has no income, but receives support from "comm. resources." Based on stated amounts for food, rent or mortgage, utilities, and "other expenses" B.L. has monthly expenses of $736.

Apparently B.L. received appointed counsel in the trial court because of indigence.[2] As such, it is presumed that B.L. remains indigent through appeal. TEX. FAM. CODE ANN. § 107.013(e) (West 2014); TEX. R. APP. P. 20.1(a)(3). We have no indication the trial court reconsidered B.L.'s indigence and found her no longer indigent due to a "material and substantial" change in financial circumstances. TEX. FAM. CODE ANN. § 107.013 (West 2014). If indigent in the trial court, and without a change of circumstances, B.L. would therefore be entitled to proceed without advance payment of costs. TEX. R. APP. P. 20.1(a)(3). Additionally, an indigent parent responding in

---

[2] According to the district clerk, the record does not contain an affidavit of indigency filed by B.L. prior to the appointment of Davis-Rincones. *See* TEX. FAM. CODE ANN. § 107.013(d) (West 2014) (affidavit under TEX. R. CIV. P. 145(b) required).

opposition to a parental termination case filed by a governmental entity is entitled to a court appointed attorney ad litem. TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2014); *In re M.S.,* 115 S.W.3d 534, 544 (Tex. 2003).

Given the lack of clarity the noted facts present, as well as the limited time we have for reaching a final disposition,[3] we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall determine whether B.L. is indigent and whether an attorney ad litem should be appointed for her representation on appeal.

The trial court shall conduct any hearings it deems necessary for compliance with this order. These hearings shall be recorded and a transcription included in a supplemental reporter's record. Any orders the trial court issues in complying with this order shall be included in the clerk's record. The trial court shall finally dispose of matters required by this order no later than May 30, 2014.

Should the trial court determine that B.L. is indigent and entitled to court-appointed counsel, the trial court shall appoint counsel and provide counsel's name, address, telephone number, and state bar number to the clerk of this court immediately upon such appointment. If B.L. is indigent, the trial court shall direct the clerk to prepare the clerk's record without advance payment of costs by B.L. If the trial court signs an order determining B.L. is indigent, the supplemental reporter's record, if any, and the

---

[3] *See* TEX. R. JUD. ADMIN. 6.2(a) (requiring disposition of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days of the date the notice of appeal is filed).

clerk's record shall be filed with the clerk of this court on or before the seventh day thereafter.

It is so ordered.

Per Curiam